IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SCOTTIE McCARROLL,        ) | |
|     Plaintiff,        ) | |
|        ) | |
| v.        ) | CIVIL ACTION NO.: 11-00410-KD-N |
|        ) | |
| WAL-MART STORES, INC.,        ) | |
|     Defendant.        ) | |

## ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment (Docs. 39-41), Plaintiff's Response (Doc. 48), and Defendant's Reply (Doc. 51).

## I.    Factual Background

This litigation arises out of a September 1, 2010 slip and fall which occurred while *pro se* Plaintiff Scottie McCarroll ("McCarroll") was shopping at the Mobile, Alabama Wal-Mart store located at 101 East I-65 Service Road South, Mobile, Alabama. As a result of this injury on July 8, 2011, McCarroll filed a complaint alleging a state law cause of action based on negligence in the amount of $100,000 in the Circuit Court of Mobile County, Alabama: *Scottie McCarroll v. Wal-Mart Stores, Inc., et al.* (Doc. 1-2). Defendant Wal-Mart Stores, Inc.[1] subsequently removed the case to this Court on the basis of diversity jurisdiction. (Doc. 1).

The facts, when viewed in the light most favorable to McCarroll, are as follows. On September 1, 2010, between 3:00-4:00 p.m., McCarroll was shopping at the Wal-Mart store with her family. (Doc. 40-1 (Dep. McCarroll at 43-44)). At some point during the shopping trip

---

[1] Wal-Mart asserts that it has been incorrectly identified in the pleadings as Wal-Mart Stores, Inc. but is actually Wal-Mart Stores East, L.P. (Doc. 1 at 1). However, said defendant has not moved to substitute or formally correct its name in the record.

1

McCarroll – who was wearing house shoes (slippers) – briefly left her family to obtain a forgotten item, frozen blueberry waffles, from a case in the middle section of the freezer aisle. Upon exiting the aisle, she slipped and fell on her back. (Id. (Dep. McCarroll at 46-53)). In McCarroll's words, after she retrieved the waffles, she "turned around to come back out [of the freezer aisle]. As I was walking back out…[u]nexpectedly, I slipped up and I hit the floor flat on my back…I hit myself very hard. I just went confused right there[]" – "[m]y feet left out from under me. I went up in the air and came down." (Id.) When she was able to stand, a lady pointed out to McCarroll a plate size amount of water on the floor. (Id. (Dep. McCarroll at 60, 62-63, 64-65)). A Wal-Mart employee approached to mop up the water but McCarroll instructed the employee to leave until the manager arrived. (Id. (Dep. McCarroll at 62)). According to McCarroll, the puddle of water may have had track marks going through it, maybe from a shopping cart, and she does not recall seeing her footprints in the water. (Id. (Dep. McCarroll at 63-68)). McCarroll does not know how the water came to be on the floor, how long it had been on the floor before she fell, or whether Wal-Mart knew of its presence on the floor. (Id. (Dep. McCarroll at 68)). Due to the fall, McCarroll allegedly suffered injuries to her back, chest pain on the left side, heart palpitations, and elevated blood pressure. (Doc. 1-2).

**II.     Standard of Review**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) (Dec. 2010). The recently amended Rule 56(c) provides as follows:

> *(1) Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

      **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

      **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

*(2) Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

*(3) Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.

*(4) Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

FED.R.CIV.P. Rule 56(c) (Dec. 2010).

Wal-Mart, as the party seeking summary judgment, bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  If the nonmoving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to summary judgment. Celotex, 477 U.S. at 323.  "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter.  Instead, the evidence of the non-

3

movant is to be believed, and all justifiable inferences are to be drawn in his favor." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998-999 (11th Cir. 1992), cert. den., 507 U.S. 911 (1993) (internal citations and quotations omitted).

## III.     Discussion

The crux of Wal-Mart's motion is that it did not have any notice of the water on the floor to trigger any duty to McCarroll. As a premises owner, Wal-Mart owed McCarroll a duty, as an invitee, to use reasonable care and diligence to keep the premises in a safe condition; or if the premises were in a dangerous condition, to give sufficient warning so the invitee might avoid the danger by using ordinary care. See, e.g., Cuevas v. W.E. Walker, Inc., 565 So.2d 176, 177 (Ala. 1990). To recover on a premises liability claim governed by Alabama law, McCarroll "must prove that h[er] fall resulted from a defect or instrumentality located on the premises, that the fall was a result of the defendants' negligence, and that the defendants had or should have had notice of the defect or instrumentality before the accident." Logan v. Winn-Dixie, Inc., 594 So.2d 83, 84 (Ala. 1992). See also Fowler v. CEC Entertainment, 921 So.2d 428, 433 (Ala. Civ. App. 2005). A plaintiff may prove constructive notice through evidence tending to show a condition had been present for a sufficient period of time that the defendant should have been aware of its presence. Dunklin v. Winn-Dixie of Montgomery, Inc., 595 So.2d 463, 464 (Ala. 1992); Cash v. Winn-Dixie of Montgomery, Inc., 418 So.2d 874, 876 (Ala. 1982). In other words, substantial evidence of the nature and condition of the substance from which a reasonable jury may infer that it had been on the floor for a sufficient length of time to impute notice to defendants. See, e.g., Dunklin, 595 So.2d at 464. However, if the plaintiff's evidence "amounts to little more than speculation or conjecture as to the nature of the substance on the floor, as to the length of time

4

the substance was on the floor, and as to whether the defendants were delinquent in not discovering the substance and cleaning it up," then "the defendants [are] entitled to a summary judgment." Speer v. Pin Palace Bowling Alley, 599 So.2d 1140, 1143-1144 (Ala. 1992). *See also* Henderson v. Dollar General Corp., Slip Opinion, 2009 WL 959560, at *6 (S.D.Ala. Apr. 7, 2009).

Wal-Mart has made an initial showing that it had no actual or constructive knowledge of the substance and was not derelict in discovering it, thus the burden shifts to McCarroll to show that material facts are in dispute on this issue. Ex parte Wal-Mart Stores, Inc., 806 So.2d 1247 (Ala. 2001); Speer, 599 So.2d at 1143-1144; Rutledge v. Wings of Tuscaloosa, Inc., 848 So.2d 1005, 1007 (Ala. Civ. App. 2002). In an attempt to do just that, McCarroll contends as follows:

> …While the plaintiff in her deposition testimony indicates there were track marks in the area as well as a definitive streak of dirt on her white shoe. There are also the witness statements of two customers who corroborates that there was water on the floor that caused the plaintiff to lose her balance and unexpected slip and fall to the concert floor. The Wal-Mart employee arrived to clean up the water after the plaintiff had fallen and the witness told the employee that was on the isle that had informed the plaintiff where the waffles were down the same aisle in which he was standing to go get the manager. The employee that came to clear up the spill while plaintiff was still lying on the floor beside the refrigerators in pain, were asked to leave the substance there until management got there…
> \* \* \*
> …Defendant also acknowledges prior to the fall the plaintiff asked a Wal-Mart employee working on the same aisle only a short distance from the accident, for directions to the waffles. The defendant has not offered evidence to disclaim deposition testimony, video, pictures, affidavits or otherwise…

(Doc. 48 at 3, 5).

Despite McCarroll's contentions, no "witness statements of two customers who corroborate" her allegations have ever been submitted to the Court and McCarroll does not even identify these witnesses. Additionally, what is notably absent from McCarroll's response is *any*

5

evidence establishing that Wal-Mart was on notice (actual or constructive) of the puddle of water in the freezer aisle.  Even if we assume *arguendo* that McCarroll saw "track marks in the area" and there was "a definitive streak of dirt [was] on her white shoe[,]" this does not advance the cause of imputing notice to Wal-Mart.  Likewise, the mere presence of a Wal-Mart employee working on the same aisle where the puddle was located – when the employee was "at one end of the aisle [working] and [McCarroll] was kind of halfway down the aisle[]" when she fell (Doc. 40-1 (Dep. McCarroll at 47)) – is insufficient and simply does not equate to notice to Wal-Mart.  Further, McCarroll does not even allege that this Wal-Mart employee saw the puddle, or that this employee ever even walked by the puddle.  In sum, setting aside McCarroll's conjecture and speculation, the Court is left with her own testimony regarding notice:

> Q   And do you know if Wal-Mart knew that that water was on the floor?
>
> A   No, I do not.

 (Doc. 40-1 (Dep. McCarroll at 68)).

Viewing the evidence in the light most favorable to McCarroll, there is no direct evidence as to how long the puddle of water was on the floor in the freezer aisle prior to the incident.  Additionally, there is insufficient circumstantial evidence of notice as to how long the puddle of water had been on the floor.  At best, McCarroll's notice allegations amount to little more than speculation or conjecture such that Wal-Mart is entitled to summary judgment.  See, e.g., Speer, 599 So.2d at 1143-1144; Henderson, 2009 WL 959560, at *6.

## IV.     Conclusion

Based on the foregoing, it is **ORDERED** that Defendant Wal-Mart Stores, Inc.'s Motion for Summary Judgment (Docs. 39-41) is **GRANTED.**[2]

As provided in Rule 58 of the Federal Rules of Civil Procedure, a Final Judgment shall issue contemporaneously with this Order, by separate document.

**DONE** and **ORDERED** this the **11th** day of **May 2012.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[2] In light of this ruling, the June 14, 2012 Final Pretrial Conference is **CANCELED.**